**Robert J. WILSON, Regional Director of the Eighteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,**

v.

**HART SKI MFG. CO., INC., Respondent.**

**Civ. 3–79–314.**

United States District Court,
D. Minnesota,
Third Division.

July 16, 1979.

Marlin O. Osthus and Robert Johnson, Minneapolis, Minn., for petitioner.

John J. McGirl, Jr., and Bruce C. Faulken, Minneapolis, Minn., for respondent.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Petitioner seeks an injunction under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). Petitioner alleges certain violations of the Act. The alleged violations occurred in March of this year when a dispute arose between the employees and management.

On March 5 twenty employees met with the President of respondent company concerning job related matters. Since the grievances concerned all employees, the President suggested that the employees form a committee, with representatives from each department, and that the committee submit a list of grievances. Between March 8 and March 29 representatives of the company met with the Employee Bargaining Committee (Committee) several times. As a result of those meetings, three proposals were submitted by the company, the third proposal was accepted by the employees. After a rejection of the first proposal, the company laid off 64 employees, citing economic reasons. Those employees were rehired by mid-April.

During negotiations between the company and the Committee, several employees met with representatives of the Teamster's Union. The first of those meetings was held on March 13 or 14, several days after the Committee had been formed. The employees had never before been represented by a union.

The Teamsters filed a petition for certification and an unfair labor practice charge on March 23. The NLRB petitioned this court for injunctive relief on June 12, 1979; oral arguments were heard on July 2, 1979. The hearing before the National Labor Relations Board was scheduled for July 9, only one week from the date of this hearing. The parties expected a five day trial.

Petitioner alleges that the Committee is dominated and controlled by the company, that during negotiations between the company and the Committee, representatives of the company threatened to close the plant if the company's proposal was rejected or if the employees affiliated with the Teamster's Union; and that the company refused to enter into an agreement until the charges filed with the NLRB were dropped.

Petitioner requests that the company be ordered to bargain with the Teamster's Union Local 827; that the Committee be dissolved and the labor contract it negotiated be set aside; that the employees laid off be recalled; and that certain anti-union activity be enjoined.

■ A section 10(j) injunction should issue only upon a finding that the Board had reasonable cause to believe that the Act has been violated, and that injunctive relief is reasonably necessary to preserve the status quo or to prevent the frustration of the remedial purposes of the Act. *Solien v. Merchants Home Delivery Service, Inc.,* 557 F.2d 622, 626 (8th Cir. 1977); *Minnesota Mining and Manufacturing Co. v. Meter,* 385 F.2d 265, 270 (8th Cir. 1967).

*Reasonable Cause*

■ The reasonable cause element is satisfied if, "there is a showing of factual issues which must be resolved by the Board." *Dawidoff v. Minneapolis Building & Construction Trades Council, AFL–CIO,* 550 F.2d 407, 411 (8th Cir. 1977); *Wilson v. Milk Drivers & Dairy Employees Local 471,* 491 F.2d 200, 203 (8th Cir. 1974). The fac-

tual issues underlying the alleged violations of the Act are in dispute. Respondent denies all allegations relevant to the issues of whether a violation occurred. (Respondent's Answer ¶ 2). The Board therefore had reasonable cause to believe that the Act has been violated.

### Status quo

■ The second inquiry in a 10(j) injunction case is whether the injunction is necessary to preserve the status quo or to prevent the frustration of the basic remedial purposes of the Act. *Solien, supra; Minnesota Mining & Manufacturing Co., supra.* The primary purpose of a section 10(j) injunction is to preserve the status quo. *Solien, supra,* at 627; *Minnesota Mining & Manufacturing Co., supra,* at 270. That emphasis is consistent with the legislative intent to defer the decision on the merits to the Board. *Dawidoff, supra,* at 413. Each form of relief requested by petitioner must be considered separately in determining whether that relief would preserve the status quo.

In this case the employees were not previously represented by a union nor is there any allegation of union activity prior to the time this dispute arose. Petitioner's request for a bargaining order would, therefore, go far beyond maintaining the status quo. *See, Boire v. Pilot Freight Carriers, Inc.,* 515 F.2d 1185 (5th Cir. 1975) (cautioning against issuing bargaining orders where the employees had not previously been represented by a union.)

■ The employees which were laid off have all been rehired. Petitioner's request that those employees be reinstated is therefore moot.

■ Petitioner requests in addition that this court dissolve the Committee, set aside the employment contract it negotiated, and enjoin certain anti-union activity.

The purported anti-union activity is alleged to have occurred prior to April of this year. There is no evidence that there is continuing anti-union activity. The Board's final order will therefore be as effective as an interlocutory order of this court. An injunction is therefore not necessary to preserve the status quo or to prevent the frustration of the remedial purposes of the Act. *Solien v. Merchants Home Delivery Services, Inc.,* 557 F.2d 622, 627 (8th Cir. 1977).

Dissolution of the Committee and setting aside the contract it negotiated would leave the employees without an employment contract and without a bargaining unit to represent them. Granting petitioners relief would therefore frustrate one of the remedial purposes of the Act. *See, Eisenberg v. Hartz Mountain Corp.,* 519 F.2d 138 (3d Cir. 1975). There is no allegation that the terms of the contract negotiated by the Committee are unfair. Petitioner alleges that allowing the Committee to remain would further "entrench" the Committee as a bargaining agent. If the Committee is not competitive as a bargaining representative, it can simply be voted out by the employees. *Id.* at 142.

For the reasons stated, petitioner's request for a section 10(j) injunction is denied.